KAREN P. HEWITT
United States Attorney
PETER J. MAZZA
Assistant U.S. Attorney
California State Bar No. 239918
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-5528
Peter.Mazza@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO.  07CR3350-BTM |
|---|---|---|
| | ) | |
| | ) | DATE:     January 22, 2008 |
| Plaintiff, | ) | TIME:     1:30 p.m. |
| | ) | |
| v. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |
| | ) | |
| | ) | |
| | ) | |
| VICTOR JOAQUIN CORDOVA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Peter J. Mazza, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery.

**I**

**STATEMENT OF THE CASE**

On December 12, 2007, a grand jury sitting in the Southern District of California returned a three-count Indictment against

Defendant, charging him with transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). On December 13, 2007, Defendant was arraigned on the Indictment.

On November 16, 2007, the Government discovered 76 pages of written discovery and one dvd. That discovery consisted of reports related to the investigation and apprehensions involved in this case, summaries of post-arrest statements by Defendant and the material witnesses, and Defendant's criminal history.

## II

## STATEMENT OF FACTS

### A. THE INSTANT OFFENSE

#### 1. The Apprehension

On November 11, 2007, the Calexico, California Border Patrol Station's Smuggler Targeting Action Team (STAT) was conducting surveillance in the Imperial Sand Dunes area, which is approximately 34 miles east of Calexico, California, and approximately one mile north of the United States/Mexico international boundary.

At approximately 3:40 p.m., remote video surveillance operators informed members of the STAT Unit that they had observed three yellow colored all-terrain vehicles (ATV) all carrying more than one passenger enter the Midway Campground and drop off their passengers at a purple or burgundy colored sports utility vehicle (SUV). The remote surveillance operators reported that the ATV passengers then entered the SUV, and the three yellow ATVs proceeded to travel south to Mexico. The remote surveillance operators then informed STAT agents that the SUV exited the Midway Campground, traveling eastbound on the frontage road that leads to the Gray's Well exit on Interstate-8.

1    Border Patrol Agent Jorge Vega-Torres observed a vehicle
2 matching the description given by the remote surveillance operators
3 enter Interstate-8 traveling westbound at the Gray's Well exit.
4 Border Patrol agents began to follow the SUV that they had identified
5 as a burgundy Chevrolet Trailblazer.

6    As the vehicle traveled westbound on Interstate-8, agents
7 noticed that the vehicle did not have any license plates. Agents
8 then activated their emergency lights and sirens in order to
9 effectuate a traffic stop of the vehicle. The vehicle did not yield.
10 Rather, it continued to travel westbound for approximately one mile.
11 At that point, it yielded to the side of the road.

12    Agents Vega-Torres and Seth Sedano approached the vehicle, and
13 identified themselves as Border Patrol agents. They immediately
14 observed an individual later identified as Defendant located in the
15 driver's seat of the vehicle. Defendant stated that he was an United
16 States citizen. Agent Vega-Torres then approached the passenger's
17 side of the vehicle where he observed a male passenger in the front
18 seat with Defendant and three additional individuals crouched down
19 in the backseat area. Agent Vega-Torres conducted brief immigration
20 inquiries with the four passengers. They each stated that they were
21 citizens and natives of Mexico without any legal permission to enter
22 or remain in the United States. Agent Vega-Torres then located an
23 additional three individuals attempting to conceal themselves
24 underneath a sheet in the rear cargo area of the vehicle. They each
25 identified themselves as citizens and natives of Mexico without any
26 legal right to enter or remain in the United States. The Border
27 Patrol agents then took Defendant and the seven smuggled illegal
28 aliens into custody.

**2.   Defendant's Post-Arrest Interview**

At the Calexico, California Border Patrol Station, agents interviewed Defendant at approximately 7:35 p.m.  Agent Vega-Torres read Defendant his <u>Miranda</u> rights.  Defendant stated he understood his rights, and elected to answer questions without an attorney present.  Defendant stated that he had a friend named Raul who offered him a job smuggling illegal aliens.  Defendant stated that he agreed because he was unemployed.  He stated that he and Raul made arrangements earlier in the day for Defendant to smuggle seven illegal aliens later that afternoon.  Defendant informed agents that he expected to be paid $500 per illegal alien, or $3,500 total.

Defendant stated that Raul contacted him at approximately 1:00 p.m. that day.  As Defendant made his way to the Imperial Sand Dunes area, Raul told him over the phone that he was watching Defendant and told Defendant where to go to meet the illegal aliens.  Defendant stated that the illegal aliens entered his vehicle as soon as he stopped at the location as instructed by Raul.  Defendant informed agents that Raul then instructed him to re-enter Interstate-8 and proceed westbound toward El Centro, California, where he planned to eventually drop off the seven individuals.  Defendant claimed that he did not hear any sirens from the Border Patrol vehicles, but acknowledged seeing the emergency lights.  He estimated that he drove an additional 30 seconds after the Border Patrol activated their emergency equipment.

Finally, Defendant added that he knew it was illegal to smuggle illegal aliens, but that he was willing to take the chance to make money.

//

**3.  Interviews of the Material Witnesses**

Three of the seven material witnesses were interviewed at the Calexico station.  It should be noted that Defendant signed a "Lujan-Castro" form, and did not elect to retain any of the illegal aliens on his behalf.

The three material witnesses, Gerardo Avina-Angeles, Omar Gonzalez-Ayala, and Alberto Ramirez-Delgado, all admitted that they were citizens and natives of Mexico without any legal permission to enter or reside in the United States.  Each stated that they located smugglers in the area of Mexicali, Mexico who agreed to smuggle them into the United States for various sums of money.  They each informed agents that they had entered the United States from Mexico on the back of ATVs.  Once in the United States, they each stated that they entered a burgundy SUV.  They each informed agents that the driver, Defendant, did not enter the United States with them, and that he was the sole driver of the vehicle.  Finally, each material witness identified Defendant as the driver of the vehicle from a photo lineup.

**III**

**GOVERNMENT'S MOTIONS**

**A.    MOTION FOR RECIPROCAL DISCOVERY**

**1.    RULE 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of

Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

**2. RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: January 15, 2008.

                                Respectfully Submitted,

                                KAREN P. HEWITT
                                United States Attorney

                                /s/ Peter J. Mazza
                                PETER J. MAZZA
                                Assistant U.S. Attorney
                                Peter.Mazza@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                              )<br>            Plaintiff,        )<br>                              )<br>      v.                      )<br>                              )<br> VICTOR JOAQUIN CORDOVA,       )<br>                              )<br>            Defendant.         )<br>_____) | Case No. 07CR335-BTM<br><br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

　　I, PETER J. MAZZA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　1. Jodi Thorp

　　I declare under penalty of perjury that the foregoing is true and correct.

　　Executed on January 15, 2008.

　　　　　　　　　　　　　　　　　　/s/ Peter J. Mazza
　　　　　　　　　　　　　　　　　　PETER J. MAZZA